**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Scott Parton | * | |
| 3236 Zone Avenue | | |
| Toledo, Ohio 43617 | * | Case No. 3:17-cv-1261 |
| & | * | |
| | | JUDGE |
| Bryon Perez | * | |
| 4521 282nd St. | | MAGISTRATE JUDGE |
| Toledo, Ohio 43611 | * | |
| | * | |
| On behalf of themselves and other members of the general public similarly situated, | * | |
| | * | |
| Plaintiffs, | * | **JURY DEMAND ENDORSED HEREON** |
| v. | * | |
| A+ Building Maintenance and Home Repair, LLC | * | |
| 230 Vance St. | * | |
| Toledo, Ohio 43604 | | |
| | * | |
| - and - | * | |
| Nick Carpenter, individually | * | |
| 230 Vance St. | | |
| Toledo, Ohio 43604 | * | |
| *Please also serve* | * | |
| Nick Carpenter | * | |
| 130 Oakdale Avenue | | |
| Toledo, Ohio 43605 | * | |
| Defendants. | * | |

**PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS**
**OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Scott Parton ("Named Plaintiff Parton," "Plaintiff Parton," or "Parton") and Bryon Perez ("Named Plaintiff Perez" "Plaintiff Perez" or "Perez") (together hereinafter "Named Plaintiffs"), individually and on behalf of other members of the general public similarly situated, for his Collective and Class Action Complaint against A+ Building Maintenance and Home Repair, LLC ("Defendant ABMH") and Nick Carpenter ("Defendant Carpenter" or "Carpenter") (collectively hereinafter "Defendants") for their failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I. <u>JURISDICTION AND VENUE</u>

1.     This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they arise from a common set of

operative facts and are so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

3.        Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants employed Named Plaintiffs and others similarly situated in the Northern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in this judicial district, and Defendants conduct substantial business in this judicial district.

## II.    <u>THE PARTIES</u>

4.        Named Plaintiff Scott Parton is an individual, United States citizen, and resident of the State of Ohio living in the Northern District of Ohio.

5.        At all times relevant herein, Plaintiff Parton was jointly employed by Defendant AMBH and Defendant Carpenter from approximately September, 2014 through May, 2017 as a service technician and/or general laborer.[1]

6.        As a service technician, Plaintiff Parton primarily performed general labor in response to service calls for the maintenance of residential and commercial buildings, including but not limited to installing appliances, plumbing, remodeling, electrical maintenance, and other miscellaneous general labor.

7.        As a service technician, Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA, the Ohio Wage Act, and the OPPA.

8.        Named Plaintiff Bryon Perez is an individual, United States citizen, and a resident of the State of Ohio living in the Northern District of Ohio.

---

[1] For purposes of clarification, service technicians and general laborers are virtually the same position and will be used interchangeably herein because they primarily perform general labor on behalf of Defendants. The only substantive difference is that service technicians are paid a higher weekly wage than general laborers.

9.      At all times relevant herein, Plaintiff Perez was also jointly employed by Defendant AMBH and Defendant Carpenter from approximately April, 2014 through January, 2015 as a general laborer. He subsequently returned working for Defendants as a service technician from approximately July, 2015 through July, 2016.

10.      As both a general laborer and/or a service technician, Plaintiff Perez primarily performed general labor on behalf of Defendants and also in response to service calls for the maintenance of residential and commercial buildings, including but not limited to installing appliances, plumbing, remodeling, electrical maintenance, and other miscellaneous general labor.

11.      During their employment with Defendants, Named Plaintiffs were not paid for all of their compensable hours worked, which has resulted in unpaid overtime wages that are due to Named Plaintiffs.

12.      At all times relevant herein, Named Plaintiffs primarily performed non-exempt job duties for Defendants, and Named Plaintiffs should have been properly classified as hourly, non-exempt employees of Defendants as defined in the FLSA and the Ohio Acts.

13.      At all times relevant herein, Named Plaintiffs were misclassified as salaried, exempt employees of Defendants because, *inter alia*, although they were paid a weekly wage, Named Plaintiffs' wages were impermissibly reduced depending on the number of hours they worked in a workweek including when they worked below forty (40) hours per week at various times throughout their employment with Defendants.

14.      Furthermore, Named Plaintiffs primarily performed non-exempt duties required of a service technician, general laborer, or equivalent position.

15.      Named Plaintiffs bring this action on behalf of themselves and on behalf of those similarly situated, and they have given their written consents to bring this action to collect unpaid

overtime and other unpaid compensation under the FLSA. Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiff*, attached hereto as **Exhibit A**)

16.     Defendant ABMH is a domestic limited liability company with its principal place of business in the Northern District of Ohio. Defendant ABMH provides commercial and residential home and building repairs and maintenance services, including remodeling, electrical, plumbing, yard maintenance, and other miscellaneous services.

17.     Upon information and belief, Defendant Carpenter is the founder and sole member of Defendant ABMH. Defendant Carpenter is also Defendant ABMH's statutory agent.

18.     Defendants are actively doing business, jointly and individually, in this judicial district. At all times relevant, Defendants are and have each been, jointly and individually, an "employer" as that term is defined by the FLSA, the Ohio Wage Act, and the OPPA.

19.     During relevant times, Defendants jointly maintained control, oversight, and direction over Named Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

20.     During relevant times, Defendant ABMH and Defendant Carpenter mutually benefitted from the work performed by Plaintiffs and those similarly situated.

21.     During relevant times, Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Named Plaintiffs and other similarly situated employees.

22.     During relevant times, Defendants shared the services of Named Plaintiffs and other similarly situated employees.

23.     During relevant times, Defendant ABMH and Defendant Carpenter acted directly or indirectly in the interest of each other concerning Named Plaintiffs and those similarly situated.

24.     Upon information and belief, Defendants, jointly and individually, operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

25.     During relevant times, Defendant Carpenter has jointly owned, operated, and/or managed Defendant ABMH.

26.     During relevant times Defendant Carpenter has jointly been involved in the operational decisions of Defendant ABMH.

27.     During relevant times, Defendant Carpenter has been jointly involved in the employment decisions of Defendant ABMH, including, but not limited to, decisions about Defendants' wage and hour polices and/or practices that affect Named Plaintiffs and all other similarly situated employees.

28.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

**III.     FACTUAL ALLEGATIONS**

29.     Plaintiffs realleges the preceding paragraphs as if fully rewritten herein.

30.     In or around September, 2014, Named Plaintiff Parton began working for Defendants as a service technician and/or general laborer until his employment ended on or about May 1, 2017.

31.     Service technicians and general laborers primarily perform the same or similar job duties in the form of general labor.

32.     Plaintiff Parton was compensated a weekly wage in the amount of approximately $600 per week.

33.     As a service technician, Plaintiff Parton's primary job duties consisted of general labor in the form of commercial and residential home and building repairs and maintenance services, including but not limited to remodeling, electrical, plumbing, and other miscellaneous services for Defendants.

34.     At all times relevant herein, Plaintiff Perez was jointly employed by Defendant AMBH and Defendant Carpenter from approximately April, 2014 through January, 2015 as a general laborer. He subsequently returned to work for Defendants as a service technician from approximately July, 2015 through July, 2016.

35.     As both a general laborer and a service technician, Plaintiff Perez primarily performed general labor in the form of commercial and residential home and building repairs and maintenance services, including but not limited to remodeling, electrical, plumbing, and other miscellaneous services for Defendants.

36.     Plaintiff Perez was compensated a weekly wage in the amount of approximately $550 per week.

37.     As such, the position of service technician and/or general laborer are each a non-exempt position.

**Facts Pertinent to Defendants' Pay Policies and Practices**

38.     Upon information and belief, Defendants have a companywide pay policy and/or practice of misclassifying all of its employees, including Named Plaintiffs, in the position of service technician, general laborer, or equivalent position, because they are paid a weekly wage even though Defendants knew or should have known that its employees, including Named Plaintiffs, primarily performed non-exempt job duties in the form of general labor as described herein.

39.     Named Plaintiffs regularly worked in excess of forty (40) hours per week during all relevant times herein, but were not paid time-and-a-half ("overtime rate") due to them for all hours worked in excess of forty (40) in any workweek as a result of Defendants' unlawful pay policy and/or practice.

40.     For example, Named Plaintiffs were required to work from approximately 8:00 am until 5:00 pm, Monday through Friday, which amounts to a minimum of approximately forty-five (45) hours per week.

41.     Upon information and belief, the mandatory forty-five-hour (45) workweek is a company policy in Defendants' employee handbook.

42.     Named Plaintiffs also often performed substantial duties on behalf of Defendants beyond 5:00 pm during the workweek.

43.     Despite working more than 40 hours in a workweek during the three years preceding the filing of this Complaint, Named Plaintiffs were only paid the weekly wage, resulting in unpaid overtime wages due to them by Defendants.

44.     Upon information and belief, Defendants do not keep satisfactory records for all hours worked by Named Plaintiffs.

45.     Furthermore, Named Plaintiffs' weekly wages were reduced depending on the number of hours worked in a workweek, including when they worked below forty (40) hours per week.

46.     As such, Defendants misclassified the Named Plaintiffs and Putative Class Members because they primarily performed non-exempt job duties in the form of general labor and Defendants reduced the weekly wages when Named Plaintiffs worked below forty (40) hours per week.

47.     Despite the misclassification of Named Plaintiffs and Putative Class members employed in the positions of service technician, general laborer, or equivalent position, Defendants willfully continued to compensate them on a weekly basis regardless of whether they worked in excess of forty (40) in a workweek.

48.     Accordingly, Named Plaintiffs were misclassified at all times relevant during the three years preceding the filing of this Complaint because they were each, as a service technician, general laborer or equivalent position, an hourly non-exempt employee of Defendants.

49.     Named Plaintiffs neither primarily performed managerial duties nor supervised two or more employees.

50.     Named Plaintiffs could not hire, fire, or discipline employees.

51.     Named Plaintiffs' primary job duties did not consist of the exercise of discretion and independent judgment with respect to matters of significance.

52.     Thus, at all times relevant, Named Plaintiffs were non-exempt hourly employees entitled to overtime wages for all hours worked in excess of forty (40) in any workweek.

53.     During the three years preceding the filing of Named Plaintiffs' Complaint, Defendants did not pay them one-and-a-half times her regular hourly rate for all compensable hours they worked in excess of forty (40) in a workweek.

54.     Defendants knew or should have been aware that Named Plaintiffs worked in excess of forty (40) hours in a workweek, but willfully elected not to compensate them for all hours worked in excess of forty (40) during the three years preceding the filing of this Complaint.

55.     Defendants' failure to pay Named Plaintiffs has caused damages, including unpaid wages, including overtime wages, liquidated damages, costs, and attorneys' fees.

56.     In the alternative, Named Plaintiffs have been misclassified by Defendants as exempt employees when Defendants knew or should have known through reasonable diligence that Named Plaintiffs either were actually not compensated on a salaried basis or that, if they were compensated on a salaried basis, that Named Plaintiffs primarily performed non-exempt job duties and should have been paid them overtime rate for all hours worked in excess of 40 in any workweek.

57.     Upon information and belief, during the relevant time period, Defendants applied the same pay practices and policies to all of its employees, including Named Plaintiffs.

## IV.  COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime and Other Wages.

58.     Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former misclassified service technicians, general laborers, or other employees of Defendants who performed general labor and worked over 40 hours in any workweek beginning three years immediately preceding the filing of this Complaint through the

date of final disposition of this case (the "§216(b) Class" or the "§216(b) Class Members").

59.     Examples of employees that may be members of the §216(b) Class include, but may not be limited to, service technicians, general laborers, or equivalent positions performing similar general labor in the form of commercial and residential home and building repairs and maintenance services, including but not limited to remodeling, electrical, plumbing, yard maintenance, and other miscellaneous services for Defendants.

60.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiffs, numerous putative §216(b) Class Members have been denied proper overtime wages due to Defendants' company-wide payroll policies and practices. Named Plaintiffs are representatives of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

61.     The identity of the putative §216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime and minimum wages, liquidated damages, attorneys' fees and costs under the FLSA.

62.     The net effect of Defendants' policies and practices is that Defendants willfully failed to pay overtime wages and maintain proper recordkeeping to save payroll costs. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the Named Plaintiffs and §216(b) Class Members.

## B. Fed.R.Civ.P. 23 Class Action for Unpaid Overtime Wages

63.     Named Plaintiffs bring their Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act") claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of themselves and all other members of the following class:

> All current and former misclassified service technicians, general laborers, or other employees of Defendants who performed general labor and worked over 40 hours in any workweek beginning three years immediately preceding the filing of this Complaint through the date of final disposition of this case (the "Ohio Overtime Rule 23 Class," or the "Ohio Overtime Rule 23 Class Members").

64.     Examples of employees that may be members of the Rule 23 Class include, but may not be limited to, service technicians, general laborers, or equivalent positions performing similar general labor in the form of commercial and residential home and building repairs and maintenance services, including but not limited to remodeling, electrical, plumbing, yard maintenance, and other miscellaneous services for Defendants.

65.     The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

66.     Named Plaintiffs are members of the Ohio Overtime Rule 23 Class and their claims for unpaid overtime wages are typical of the claims of other members of the Ohio Overtime Rule 23 Class.

67.     Named Plaintiffs will fairly and adequately represent the Ohio Overtime Rule 23 Class and the interests of all members of the Ohio Overtime Rule 23 Class.

68.     Named Plaintiffs have no interest that is antagonistic to or in conflict with those interests of the Ohio Overtime Rule 23 Class that she undertaken to represent.

69.     Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Overtime Rule 23 Class.

70.     Questions of law and fact are common to the Ohio Overtime Rule 23 Class.

71.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

72.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Overtime Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Ohio Overtime Rule 23 Class as a whole.

73.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Overtime Rule 23 Class predominate over questions affecting individual members of the Ohio Overtime Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

74.     Questions of law and fact that are common to the Ohio Overtime Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Overtime Rule 23 Class for hours worked in excess of forty hours per week as a result of Named Plaintiffs' compensable hours due to substantial duties performed on behalf of Defendants and post-shift off-the-clock-work; (b) whether kept accurate records of the amount of time the Ohio Overtime Rule 23 Class was working each day; (c) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiffs and other members of the Ohio Overtime Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (e) what amount of prejudgment interest is due to Ohio Overtime Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

75.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' and the Ohio Overtime Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Overtime Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V.     CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

76.     All of the preceding paragraphs are realleged as if fully rewritten herein.

77.     This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the §216(b) Class.

78.     During the three years preceding the filing of this Complaint, Defendants employed Named Plaintiffs and/or the §216(b) Class Members.

79.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

80.     Defendants employed individuals, including Named Plaintiffs, in the positions of service technician, general laborer, or equivalent position to be determined through discovery.

81.     Service technicians, general laborers, or equivalent positions primarily perform general labor in the form of commercial and residential home and building repairs and maintenance

services, including but not limited to remodeling, electrical, plumbing, yard maintenance, and other miscellaneous services for Defendants.

82.     Service technicians primarily perform non-exempt job duties.

83.     General laborers or equivalent positions primarily perform non-exempt job duties.

84.     Named Plaintiffs and the §216(b) Class Members were paid a weekly wage rather than on an hourly basis when working in non-exempt positions.

85.     Alternatively, the weekly wages of Named Plaintiffs and the §216(b) Class Members were reduced depending on the number of hours worked in a workweek, including when they worked below forty (40) hours per week.

86.     Named Plaintiffs and the §216(b) Class Members worked in excess of 40 hours in a workweek.

87.     Defendants violated the FLSA with respect to Named Plaintiffs and the §216(b) Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for hours worked over forty (40) hours in a workweek due to the fact that, by way of demonstration and not limitation, Named Plaintiffs were paid a weekly wage rather than on an hourly basis even though they primarily performed non-exempt job duties; and Defendants failed to keep accurate timekeeping records for the hours working over forty (40).

88.     Named Plaintiffs and the §216(b) Class Members were not exempt from receiving FLSA overtime benefits.

89.     Defendants knew or should have known of the overtime payment requirements of the FLSA given the reduction of weekly wages and that Named Plaintiffs primarily performed non-exempt job duties.

90.     Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the §216(b) Class Members are entitled.

91.     Defendants knowingly and willfully jointly failed to pay Named Plaintiffs and the §216(b) Class Members the overtime wages they were due.

92.     The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiffs and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were simply not kept by Defendants due to the misclassification of Named Plaintiffs.

93.     As a direct and proximate result of Defendants' joint conduct, Named Plaintiffs and the §216(b) Class Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the §216(b) Class Members.

**<u>COUNT II</u>**
**(O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)**

94.     All of the preceding paragraphs are realleged as if fully rewritten herein.

95.     This claim is brought under Ohio law.

96.     The Named Plaintiffs and the Ohio Overtime Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

97.     Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section

7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

98.     While employed by Defendants, the Named Plaintiffs and the Ohio Overtime Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for all such hours.

99.     Defendants' company-wide policy and/or practice of paying the Ohio Overtime Rule 23 Class Members on a weekly basis rather than on an hourly basis to save on labor costs even though the Ohio Overtime Rule 23 Class Members worked in excess of forty(40) hours per week and primarily performed non-exempt job duties resulted in unpaid overtime for the Named Plaintiffs and Ohio Overtime Rule 23 Class Members.

100.     Defendants violated the Ohio Wage Act with respect to Named Plaintiffs and the Ohio Overtime Rule 23 Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for hours worked over forty (40) hours in a workweek due to the fact that, by way of demonstration and not limitation, Named Plaintiffs were paid a weekly wage rather than on an hourly basis even though they primarily performed non-exempt job duties; and Defendants failed to keep accurate timekeeping records for the hours working over forty (40).

101.     The Named Plaintiffs and the Ohio Overtime Rule 23 Class were not exempt from the wage protections of Ohio law. Indeed, during relevant times, the Named Plaintiffs and the Ohio Overtime Rule 23 Class Members were not exempt from receiving overtime because, *inter alia*, they were not "executive," "administrative," "professional," "outside sales" or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq.*

102.     Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiffs and the Ohio Overtime Rule 23 Class Members were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which the Named Plaintiffs and the Ohio Overtime Rule 23 Class Members are entitled.

103.     For Defendants' violations of R.C. §4111.03, the Named Plaintiffs and the Ohio Overtime Rule 23 Class Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Ohio Overtime Rule 23 Class Members.

## COUNT III
### (R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)

104.     All of the preceding paragraphs are realleged as if fully rewritten herein.

105.     During relevant times, Named Plaintiffs and the Rule 23 Class Members were employed by Defendants within the meaning of the OPPA.

106.     During relevant times, Defendants were each covered by the OPPA.

107.     The OPPA requires that the Defendants pay Named Plaintiffs and the Ohio Overtime Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

108.     During relevant times, Named Plaintiffs and the Ohio Overtime Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

109. Named Plaintiffs' and the Ohio Overtime Rule 23 Class' Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

110. Named Plaintiffs and the Ohio Overtime Rule 23 Class Members' have been harmed and continue to be harmed by Defendants' acts or omissions described herein.

111. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiffs and other members of the §216(b) Class pray for an Order as follows:

A.    Certifying the proposed FLSA collective action;

B.    Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.    A declaratory judgment that Defendants' recordkeeping policies and practices alleged herein violate the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2, *et seq.*, and that Class Plaintiffs, the 216(b) Class Members are entitled to prove their hours worked with reasonable estimates;

D.    Judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E.    Judgment against Defendants for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to

all unpaid minimum wage and overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

F. Directing Defendants to pay reasonable attorneys' fees and all costs connected with this action;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H. Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled; and

I. Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiffs and the Ohio Overtime Rule 23 Class Members pray for an Order as follows:

J. Certifying the proposed Ohio Overtime Rule 23 Class under the Ohio Wage Act and the OPPA;

K. Judgment against Defendants for damages for all unpaid overtime compensation owed to the Named Plaintiffs and the Ohio Overtime Rule 23 Class during the applicable statutory period under the Ohio Wage Acts;

L. A declaratory judgment that Defendants' recordkeeping policies and practices alleged herein violate the Ohio Wage Acts, specifically O.R.C. § 4111.08 and O.R.C. §§ 4111.14(G) & (H), and federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2, *et seq.*, and that Class Plaintiffs, the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

M.      Awarding to the Class Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

N.      Judgment against Defendants for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiffs and the Ohio Overtime Rule 23 Class during the applicable statutory period;

O.      Directing Defendants to pay reasonable attorney's fees and all costs and disbursements, reasonable allowance for fees of counsel and experts, and reimbursement of expenses connected with this action;

P.      Awarding Class Plaintiffs, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

**WHEREFORE**, as to all counts, Named Plaintiffs, the FLSA Class Members, and the Ohio Overtime Rule 23 Class Members pray for an Order as follows

Q.      Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

R.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

S.      Such other and further relief as to this Court may deem necessary, just or proper.

Respectfully Submitted,

/s/ *Daniel I. Bryant*_____
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone:  (614) 704-0546
Facsimile:  (614) 573-9826
Email:  dbryant@bryantlegalllc.com

/s/ *Matthew B. Bryant*_____
Matthew B. Bryant (0085991)
**BRYANT LEGAL, LLC**
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Mbryant@bryantlegalllc.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiff hereby demands a jury trial of eight (8) persons to hear all issues so triable.

/s/ *Daniel I. Bryant*_____
Daniel I. Bryant (0090859)