IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Bryon Perez, et al., On behalf of themselves and other members of the general public similarly situated, <br><br> Plaintiffs, <br> v. <br><br> A+ Building Maintenance and Home Repair, LLC, et al., <br><br> Defendants. | Civil Action No. 3:17-cv-1261 <br><br> Magistrate: James R. Knepp, II |

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND GENERAL RELEASE**

Now come Named Plaintiff Bryon Perez ("Perez" or "Plaintiff Perez") and Nick Foley ("Foley" or "Plaintiff Foley"), on behalf of themselves and those similarly situated Opt-In Plaintiffs (collectively hereinafter "Plaintiffs") and Defendant A+ Building Maintenance and Home Repair, LLC ("ABMH") and Defendant Nick Carpenter ("Carpenter") (Defendants collectively hereinafter "Defendants") (Plaintiffs and Defendants collectively hereinafter the "Parties"), by and through undersigned counsel, and, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), move this Court for an Order approving settlement of the parties as memorialized in the Settlement Agreement and Release (the "Agreement") pursuant to the Court ordered Settlement Conference held on October 15, 2018. The Agreement as to Plaintiffs is attached hereto as **Exhibit A**.

As grounds for this Joint Motion, the Parties state:

1

1.      This action asserts wage and hour claims under the FLSA, 29 U.S.C. §§ 201, *et seq.*[1]

2.      The Parties engaged in a settlement conference with Magistrate Judge James R. Knepp, II, in an effort to reach reasonable resolution to this matter.

3.      The Agreement sets forth, among other terms, the identity of Plaintiffs and the amount to be paid to them by Defendants. Under the Agreement, the Parties have agreed to dismissal of this action with prejudice upon approval of this Motion by the Court and the Parties' full performance of their obligations set forth in the Agreement. The payment distribution is attached as **Exhibit B**.

4.      FLSA settlement agreements generally require approval by a Court or the U.S. Department of Labor. *See, e.g.,* 29 U.S.C. § 216; *Gentrup v. Renovo Servs., LLC*, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir.1982)).

5.      Courts approve FLSA settlement agreements where the overall terms of the settlement are fair and reasonable. *See Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("Before approving a settlement, a district court must conclude that it is fair, reasonable, and adequate."). To determine the fairness of a settlement under the FLSA, Courts consider whether the agreement reflects a reasonable compromise of disputed issues. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *5 (N.D. Ohio Mar. 8, 2010) ("the court must determine whether such a question, or bona fide dispute, exists." (citations omitted); *Crawford v. Lexington-*

---

[1] Claims brought under the Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts").

*Fayette Urban County Gov't*, Case No. 06-299-JBC, 2008 WL 4724499, *2 (E.D. Ky. Oct. 23, 2008). Normally, a settlement is approved where it is the result of contentious arm's-length negotiations that were undertaken in good faith by counsel, and serious questions exist such that the value of an immediate recovery outweighs the possibility of further relief after protracted and expensive litigation. *See Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *6 (S.D. Ohio May 30, 2012) (citing *Bronson v. Board of Educ.,* 604 F.Supp. 68, 73 (S.D. Ohio 1984)).

6. The Parties respectfully request the Court to approve the settlement as memorialized in the Agreement because it is fair and reasonable and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during good faith, arms-length negotiations between the Parties, conducted by experienced counsel. Contention also remains as to several issues including, *inter alia*: (i) whether Plaintiffs worked any hours for which they were not paid; (ii) if so, the total number of overtime hours Plaintiffs worked; and (iii) whether Plaintiffs were properly classified as exempt salaried employees.

7. Although this litigation was resolved during the Court's Settlement Conference held on October 15, 2018, the Parties are of the opinion that the settlement is fair, reasonable, and adequate resolution of this litigation for several reasons.

8. First, Defendants produced and Plaintiffs' Counsel have analyzed for Plaintiffs relevant documents, including detailed payroll information and other business records.

9. Second, to further pursue their claims, on December 18, 2017, Plaintiffs took the deposition of ABMH.

10. Third, the Parties exchanged additional relevant payroll information and other business records and agreed to explore whether an amicable resolution could be reached through mediation or a settlement conference.

11. Furthermore, settlement negotiations began with Plaintiffs' demand on October 1, 2018, and concluded at the Settlement Conference facilitated by the Court on October 15, 2018.

12. The Agreement provides for the payment of compensation to the Plaintiffs outlined in **Exhibit B**.

13. The Agreement also provides for the payment of Plaintiffs' attorneys' fees and expenses. The federal courts have long recognized the profound importance of plaintiffs' right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir.1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b) is an "integral part of the merits of FLSA cases and part of the relief sought therein").

14. The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). Indeed, "[a]n award of attorneys' fees under the FLSA is *mandatory*, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)). The standard for reviewing a request for attorney's fees is reasonableness. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 249 (S.D. Ohio 1991).

15. Pursuant to the terms of the Agreement, Defendant—without adopting the argument and authorities presented above—has agreed to not oppose Plaintiffs' Counsels' Motion for Court approval of fees and expenses of **$67,264.00** incurred in this action.

16. Plaintiff has submitted sufficient evidence in support of the above amount of attorneys' fees and costs. The services rendered to Plaintiffs reflect the extensive experience Plaintiffs' counsel has in class and collective actions, FLSA, and employment law experience as outlined in the declaration submitted by Plaintiffs' counsel to the Court. See **Exhibit C**, Declaration of Robert E. DeRose.

17. After substantial negotiations at the Settlement Conference, all parties determined this amount for frees and costs to be reasonable and therefore acceptable.

WHEREFORE, for the foregoing reasons, the Parties respectfully request the Court to approve the settlement as memorialized in the Agreement, to dismiss the Action with prejudice and to retain jurisdiction over performance of the Agreement.

Date: November 20, 2018                                         Respectfully submitted,

**BARKAN MEIZLISH DEROSE
WENTZ, MCINERNEY PEIFER, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Jason C. Cox (OH Bar No.0095169)
Jessica R. Doogan (OH Bar No. 0092105)
250 E. Broad Street, 10th Floor
Columbus, Ohio 43215
T: (614) 221-4221
F: (614) 744-2300
bderose@barkanmeizlish.com
jcox@barkanmeizlish.com
jdoogan@barkanmeizlish.com

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859
**BRYANT LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: (614) 704-0546
Fax: (614) 573-9826
Email: dbryant@bryantlegallc.com

*/s/ Matthew B. Bryant*
Matthew B. Bryant
**BRYANT LEGAL, LLC**
3450 W. Central Ave., Suite 370
Toledo, Ohio 43606
Phone: (419) 824-4439
Fax: (419) 932-6719
Email: mbryant@bryantlegallc.com

*Counsel for Plaintiffs*

*/s/ J. Mark Trimble*
J. Mark Trimble (0046515)
Tracy B. Selis (0073847)
Stephen E. House (0068976)
Russell R. Miller (0000674)
Rohrbachers Cron Manahan
Trimble & Zimmerman Co., L.P.A.
405 Madison Avenue, 8th Floor
Toledo, Ohio 43604-1243
Telephone (419) 248-2600
Fax (419) 248-2614
E-mail: mtrimble@rcmtz.com
tselis@rcmtz.com
shouse@rcmtz.com
rmiller@rcmtz.com

*Attorneys for Defendants
A+ Building Maintenance and Home Repair,
LLC and Nick Carpenter*

## CERTIFICATE OF SERVICE

This is to certify that on November 20, 2018, a copy of the foregoing *Joint Motion to Approve Settlement* was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's CM/ECF system. Parties may access this filing through the Court's system.

*s/ Robert E. DeRose*
Robert E. DeRose

*Attorney for Plaintiff*
